pressly given, either by the statute or by the articles of association. or by-laws of the society. We are of the opinion that the defendant did not possess the power or authority to issue a certificate containing a fixed maturity period, and that the clause in the certificate in question should be construed as an estimated period of maturity. The amount actually earned by the certificate at the time it was presented by the plaintiff for payment was only $371.

The judgment should be reversed, and a new trial granted, costs to abide the event, unless the plaintiff, within 20 days, stipulates to reduce the recovery of damages to $371, and interest thereon from December 2, 1894; and, in that event, the judgment be so modified, and, as modified, affirmed, without costs of this appeal to either party.

A like disposition should be made of the case of Church v. Same Defendant, infra.

All concur.

---

## CHURCH v. PEOPLE'S BUILDING, LOAN & SAVINGS ASS'N.

(Supreme Court, General Term, Fifth Department. December 28, 1895.)

Appeal from circuit court, Ontario county.

Action by John M. Church against the People's Building, Loan & Savings Association. The facts are substantially the same as in O'Malley v. Association, supra. There was a judgment in favor of plaintiff, and defendant appeals. Reversed.

Argued before LEWIS, BRADLEY, and WARD, JJ.

No opinion. Judgment reversed, and new trial granted, unless plaintiff stipulate to reduce the recovery, on the opinion in O'Malley v. Association, supra.

---

## ADEE v. ARNOW et al.

(Supreme Court, General Term, Second Department. December 27, 1895.)

TOWNS—SUPERVISOR OF TOWN BOARD—AUTHORITY TO EMPLOY COUNSEL.
    Under Laws 1892, c. 685, § 1, declaring the town board to be the governing board of a town, such board, and not the town supervisor, has authority to employ counsel to represent the town in an action against it and another to cancel a tax lease made to its codefendant.

Appeal from special term, Westchester county.

Action by Alvey A. Adee against Thomas C. Arnow and the town of Westchester to cancel a tax lease made by such town to defendant Arnow as a cloud on plaintiff's title to certain land. From an order requiring plaintiff's attorney to accept the notice of appearance by Seward Baker for the town of Westchester, plaintiff appeals. Reversed.

Argued before BROWN, P. J., and DYKMAN and PRATT, JJ.

Frederic W. Adee, for appellant.

Seward Baker (J. W. Bartram, of counsel), for respondent.

DYKMAN, J. This action has for its object the cancellation of a tax lease made by the town of Westchester to the defendant Ar-